# Supreme Court of Florida

_____

No. SC17-1533

_____

IN RE: AMENDMENTS TO FLORIDA RULE OF CIVIL PROCEDURE
1.570 AND FORM 1.914.

[May 31, 2018]

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to

the Florida Rules of Civil Procedure. We have jurisdiction. *See* art. V, § 2(a), Fla.

Const. The Civil Procedure Rules Committee (Committee) has filed an out-of-

cycle report proposing amendments to existing rule 1.570 (Enforcement of Final

Judgments), the renumbering of existing form 1.914 (Execution), and the adoption

of new forms 1.914(b) (Notice to Appear) and 1.914(c) (Affidavit of Claimant in

Response to Notice to Appear). *See* Fla. R. Jud. Admin. 2.140(e). The Committee

explains that it has proposed these amendments in response to 2016 statutory

amendments.[1]

---

1. *See generally* ch. 2016-33, Laws of Fla. (amending chapter 56, Florida
Statutes).

The Committee published its proposals for comment prior to filing them with the Court and received one comment regarding its proposed amendments to rule 1.570. Upon consideration of the comment, the Committee did not alter its proposals. After the Committee's proposals were filed, the Court published them for comment; one comment was filed by Robert T. Koehler, d/b/a Florida Notary Academy, addressing proposed new form 1.914(c) (Affidavit of Claimant in Response to Notice to Appear).

Having considered the Committee's report and the comments filed with the Committee and the Court, we hereby adopt the proposed amendments to the Florida Rules of Civil Procedure and Forms, with a modification. The amendments are discussed below.

Rule 1.570 (Enforcement of Final Judgments) is amended to add subdivision (e), governing proceedings supplementary to execution of an unsatisfied judgment or judgment lien. The Committee proposed adding subdivision (e) with the following language:

> **(e) Proceedings Supplementary.** The holder of an unsatisfied judgment or judgment lien is entitled to conduct proceedings supplementary to execution and related discovery, as provided by chapter 56, Florida Statutes. Notices to Appear and supplemental complaints in proceedings supplementary must be served as provided by law and rules of procedure for service of process.

However, due to our concerns over some of the language employed by the Committee in the proposed rule, and the use of phrases not defined in either the Florida Rules of Civil Procedure generally or specifically in rule 1.570, we modify the proposed new subdivision to read as follows, and adopt it with this modification:

> **(e) Proceedings Supplementary.** Proceedings supplementary to execution and related discovery shall proceed as provided by chapter 56, Florida Statutes. Notices to Appear, as defined by law, and supplemental complaints in proceedings supplementary must be served as provided by the law and rules of procedure for service of process.

We also renumber form 1.914 (Execution) to 1.914(a), and adopt new forms 1.914(b) (Notice to Appear) and 1.914(c) (Affidavit of Claimant in Response to Notice to Appear), as proposed by the Committee. New form 1.914(b) is adopted in response to 2016 amendments to section 56.29(2), Florida Statutes, which require a court in some circumstances to issue a "Notice to Appear" to a judgment debtor, as defined in that section, or third-party holder of the judgment debtor's property. Ch. 2016-33, § 18, at 6-7, Laws of Fla. Additionally, new form 1.914(c) is adopted for use as the affidavit that a claimant of property is required to file with the court in response to a Notice to Appear under section 56.29(2), Florida Statutes (2017).

Accordingly, the Florida Rules of Civil Procedure and Forms are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective July 1, 2018, at 12:01 a.m.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

Honorable Rodolfo Armando Ruiz, Chair, Civil Procedure Rules Committee, Miami Florida; Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Robert T. Koehler, Florida Notary Academy, Tampa, Florida,

Responding with comments

# APPENDIX

**RULE 1.570.      ENFORCEMENT OF FINAL JUDGMENTS**

**(a) – (d)**      [No change]

**(e)  Proceedings Supplementary.** Proceedings supplementary to execution and related discovery shall proceed as provided by chapter 56, Florida Statutes. Notices to Appear, as defined by law, and supplemental complaints in proceedings supplementary must be served as provided by the law and rules of procedure for service of process.

## Committee Notes

**1980 Amendment**. [No change]

**2018 Amendment.**  Subdivision (e) has been added to address legislative amendments to chapter 56, Florida Statutes (2016).

**FORM 1.914(a).     EXECUTION**

EXECUTION

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to levy on the property subject to execution of ………. in the sum of $.......... with interest at .....% a year from .....(date)....., until paid and to have this writ before the court when satisfied.

DATED on ................

(Name of Clerk)
As Clerk of the Court
By_____
As Deputy Clerk

**FORM 1.914(b).     NOTICE TO APPEAR**

NOTICE TO APPEAR

TO …..(name of third party).....

YOU ARE NOTIFIED that, pursuant to section 56.29, Florida Statutes, proceedings supplementary to satisfy a judgment by application of the following:.....(identify the property, debt, or other obligation due to the judgment debtor)..... in ……….County, Florida have been initiated against you by .....(name of judgment creditor)…… You are required to serve an affidavit .....date..... stating that the [property] [debt] [other obligation] belongs to you. The affidavit must include any fact or legal defense opposing the application of the [property] [debt] [other obligation] toward the satisfaction of the judgment on …..(name of the judgment creditor, or its attorney, and his/her/its address)……You must file the original affidavit with the clerk of this court either before service on the judgment creditor or immediately thereafter. Legal defenses need not be filed under oath but must be served contemporaneously with the affidavit.

If any of your property has been levied on and you choose to oppose the application of the property to be applied toward the satisfaction of the judgment, then you must furnish a bond with surety to be approved by the officer in favor of the judgment creditor. The amount of the bond must be double the value of the goods claimed as the value is fixed by the officer and conditioned to deliver said property on demand of said officer if it is adjudged to be the property of the judgment debtor and to pay the judgment creditor all damages found against you if it appears that the claim was interposed for the purpose of delay.

**YOU HAVE A RIGHT TO A TRIAL BY JURY TO DETERMINE THE RIGHT TO THE [PROPERTY, DEBT OR OTHER OBLIGATION DUE TO THE JUDGMENT DEBTOR]. YOU ARE ENTITLED TO DISCOVERY UNDER THE FLORIDA RULES OF CIVIL PROCEDURE. IF THE COURT OR JURY DETERMINES THAT THE [PROPERTY] [DEBT] [OTHER OBLIGATION] BELONGS TO THE JUDGMENT DEBTOR AND IS SUBJECT TO APPLICATION TOWARD THE SATISFACTION OF**

6

**ITS JUDGMENT, THEN YOU MAY BE ORDERED TO .....(PAY DAMAGES TO THE JUDGMENT CREDITOR OR SURRENDER THE PROPERTY OR OTHER OBLIGATION DUE TO THE JUDGMENT DEBTOR TO THE JUDGMENT CREDITOR)......**

ORDERED at ………., Florida, on..... (date) …..

_____
Judge

**FORM 1.914(c).     AFFIDAVIT OF CLAIMANT IN RESPONSE TO NOTICE TO APPEAR**

AFFIDAVIT OF CLAIMANT IN RESPONSE TO NOTICE TO APPEAR

BEFORE ME, the undersigned authority, appeared…..(name of claimant or claimant's agent)....., who, after being first duly sworn, deposes and states, under penalty of perjury:

1.     I am the ……..(claimant, or identify relationship to claimant)……

2.     I (or claimant) was served with a Notice to Appear on…..(date)……

3.     I (or claimant) own(s) and am/is entitled to possession of…..(describe the property, debt, or other obligation due to the judgment debtor identified in the Notice to Appear)..…

4.     This property should not be applied to satisfy the judgment because…..(state all reasons why the property, debt, or other obligation due to the judgment debtor identified in the Notice to Appear should not be applied to satisfy the judgment)……

5.     (Select a or b)

a.     I (or claimant) request(s) a trial by jury on all issues so triable.

b.     I (or claimant) request(s) a non-jury trial on all issues.

FURTHER AFFIANT SAYETH NAUGHT.

Dated: _____

_____
Signature of Affiant
Printed Name:_____

STATE OF_____
COUNTY OF _____

Sworn to or affirmed and signed before me on this ___ day of _____, 20___ by (name of affiant)_____, who is personally known to me or who has produced _____, as identification and who did take an oath.

NOTARY PUBLIC, STATE OF
.....(Print, Type or Stamp Commissioned Name of Notary Public) .....

**Committee Notes**

**1980 Amendment.** The description of the property to be levied on has to be made general so it encompasses all property subject to execution under section 56.061, Florida Statutes (1979).

**2018 Adoption.** Form 1.914(c) is used by a claimant to respond to a Notice to Appear under section 56.29(2), Florida Statutes. Legal defenses need not be filed under oath, but must be served contemporaneously with the affidavit. If the claimant's property has already been levied upon, he or she may obtain possession of the property by filing with the officer having the execution a copy of this affidavit and by furnishing the officer a bond with surety, as set forth in section 56.16, Florida Statutes.